# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2022

Lyle W. Cayce
Clerk

No. 21-60664
Summary Calendar

Innocent Fomusoh Nyugah,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 536 973

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Innocent Fomusoh Nyugah, a native and citizen of Cameroon, petitions us for review of a decision of the Board of Immigration Appeals denying a motion to reconsider an earlier dismissal by the Board. Nyugah argues that the Board improperly upheld the negative credibility

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determination that the Immigration Judge relied on to dismiss his claims for relief and that the Immigration Judge violated his rights by engaging in ex parte communications.

We review the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Nyugah must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005). The BIA's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

We have denied relief "because the motion [to reconsider] did not state any new argument or point out an argument that the Board has overlooked." *Clavel-Avelar v. Garland*, 858 F. App'x 795, 796 (5th Cir. 2021).[1] The BIA did not abuse its discretion by finding that Nyugah essentially repeated the arguments he raised on appeal.

Moreover, we do not find that the credibility determination was improperly upheld. The BIA correctly found that the specific negative credibility factors identified by the Immigration Judge are reflected in the record and Nyugah's demeanor and manner of answering questions, which was also a factor, has not been challenged. *See Arulnanthy v. Garland*, 17 F.4th 586, 593 (5th Cir. 2021).

Finally, we lack jurisdiction to consider the due process argument because it was not raised before the Board during the initial appeal or the

---

[1] Unpublished opinions may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 21-60664

motion for reconsideration and is accordingly unexhausted. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

DENIED IN PART, DISMISSED IN PART.